## ⸱ ALOK *et al. vs.* R. GERKE.

### IMPOUNDING.   BEFORE JUDD, C.J.

### JUNE, 1885.

Plaintiffs, on a country road, left their horses by the roadside and went into a restaurant: defendant impounded the horses, claiming that they were tied to his fence and had pulled the rails off:

Held, the horses were not estrays and were not liable to be impounded: and even if they were tied to defendant's fence and damaged it, the damage cannot be recovered under the statutory proceedings for impounding.

### DECISION OF JUDD, C.J.

This is a statutory action to determine who shall pay pound fees and costs.

The undisputed facts are that plaintiffs and some others dismounted from their horses, which they had ridden from town, and went in to drink some tea at a Chinese restaurant at Moanalua, Oahu, and while there defendant seized the horses, demanded $10 damages, and on plaintiffs refusing to pay, impounded them. The horses were released on an order from the Police Justice on the plaintiffs depositing with him the damages claimed and four dollars, the costs of a suit. The place where the horses were seized is the government road leading to Ewa and around the island. At this spot the road is fenced on both sides.

The defendant claims that plaintiffs tied their horses to his fence, and that they pulled back and tore several feet of it down, and that in order to repair it effectually, some twenty or twenty-five feet had to be rebuilt at a cost to him of $15. The fence is of stone, and has posts through it eight feet apart, crossed by rails above the stone part.

The plaintiffs say they left their horses standing by the side of the road, and did not tie them to defendant's fence.

Taking the view of the testimony most favorable to defendant —that the horses were tied to his fence and on being startled

pulled back and tore some of it down—I do not think defendant's arrest of the animals was lawful. They were in the constructive custody of their owners, who had left them for the moment, and had them, as it were, under their eyes. A saddled horse which his owner leaves by the roadside for a temporary purpose cannot be considered as an estray. They were not "damage feasant" on the defendant's property. They were in the highway and not in that portion of the streets of Honolulu which would warrant their being arrested as estrays. I refer to the limited territory described in the law. These horses were some miles in the country beyond these limits.

Undoubtedly an ordinary action of trespass would lie for injury to a fence, but it is not a trespass within the statute respecting the impounding of animals.

For this reason I consider that the arrest and impounding of the plaintiffs' horses by defendant was unlawful, and affirm the judgment of the Police Magistrate in favor of the plaintiffs, the defendant to pay pound fees and costs.

*F. M. Hatch,* for plaintiffs.
*W. A. Whiting,* for defendant.
Honolulu, June 18th, 1885.